NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| E.S., a minor, by and through his Guardian *ad Litem*, ELIZABETH SANCHEZ, ELIZABETH SANCHEZ, individually, and CHARLES SANCHEZ, individually,<br><br>Plaintiffs,<br>v.<br><br>ELIZABETH BOARD OF EDUCATION, NICHOLAS S. LA CORTE SCHOOL, JOSEPH TROIANO, JENNIFER CAMPEL, and CRISTINA BRITO,<br><br>Defendants. | Civil Action No.: 2:20-cv-01027 (CCC-MF)<br><br>**OPINION** |

**CECCHI, District Judge.**

This matter comes before the Court on the motion of Defendants Elizabeth Board of Education (the "Elizabeth BOE"), Joseph Troiano, Jennifer Campel, and Cristina Brito (collectively, the "Elizabeth BOE Defendants") (ECF No. 7 ("Mot. to Dismiss")) to partially dismiss the Complaint (ECF No. 3 ("Compl.")) of Plaintiffs E.S.[1], Elizabeth Sanchez, and Charles Sanchez (collectively "Plaintiffs"). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). After reviewing the submissions made in support of and in opposition to the instant motion (ECF Nos. 9 ("Opp'n"), 12 ("Reply")), and for the reasons set forth below, the Elizabeth BOE Defendants' motion is **GRANTED** in part and **DENIED** in part.

**I.    BACKGROUND**

In June 2017, Plaintiff E.S. was a 12-year-old student at the Nicholas S. La Corte School (the "La Corte School"), a public elementary school in Elizabeth, New Jersey. Compl. at ¶ 15. The instant Action arises out of an incident that occurred at the La Corte School's gymnasium on or

---

[1] Plaintiff E.S. files the instant Complaint by and through his guardian *ad litem* Elizabeth Sanchez.

about June 2 or June 21, 2017, when E.S.'s music teacher, Defendant Joseph Troiano, was preparing E.S. and his classmates for an eighth-grade graduation.[2] Compl. at ¶ 15; Opp'n at 3. Plaintiffs allege that E.S.'s classmates "became rowdy and disruptive[, and that] E.S. began laughing after he was tickled by two female classmates." Compl. at ¶ 17. Plaintiffs further allege that, in response, Troiano "lost his cool," forcefully grabbed E.S. by his arm, punched E.S. in the chest with two fists, and "proceeded to block and intimidate Plaintiff E.S. with his physical presence." Id. at ¶ 18. E.S. then reported the incident to Defendant Vice-Principal Jennifer Campel, touching off reports to E.S.'s parents (Plaintiffs Elizabeth and Charles Sanchez), the police, and the Department of Child Protection and Permanency (the "DCPP"). Id. at ¶ 20. Plaintiffs further allege that a video of the incident exists and that: (1) the Elizabeth BOE Defendants initially denied Elizabeth and Charles Sanchez access to the video; (2) Defendant Campel "falsely denied the existence of the video"; and (3) Defendant Cristina Brito, the principal of the La Corte School, intentionally failed to disclose the video when reporting the incident to the DCPP. Id. at ¶¶ 22–23.

Plaintiffs allege that, after the assault, they were "subjected to a harassment and intimidation campaign by Defendants Troiano, Campel, and Brito," which included the following: (1) Campel followed E.S. around the La Corte School for an unspecified amount of time (id. at ¶ 25); (2) Campel "took photos of Mr. Sanchez' car when he picked up E.S. from school" (id.); (3) "[o]n numerous occasions Defendant Troiano entered E.S.' classroom and stood near his locker"

---

[2] Plaintiffs allege that the incident occurred on or about June 2, 2017 and provide no documentary support for their assertion. Compl. at ¶ 15. Defendants allege that the incident occurred on or about June 21, 2017, citing: (1) a video that matches the facts at hand and identifies the date as June 21, 2017 (Mot. to Dismiss at 3, fn. 1); and (2) an online petition, started by Plaintiff Charles Sanchez (E.S.'s father) that alleges the facts in the Complaint and identifies the date of the incident as June 21, 2017 (*see* Petition, "Music Teacher Joseph Troiano Removed from Schools and Staff Re-Evaluated" (last visited Dec. 23, 2020), https://www.change.org/p/board-of-education-of-elizabethmusic-teacher-joseph-troiano-removed-from-schools-and-staff-re-evaluated).

(id. at ¶ 26); (4) Troiano "gave dirty looks" to E.S. and his brothers, who also attend La Corte (id.); and (5) Defendants, although it is not specified who, "hired a private investigator that visited the Sanchez' home" (id. at ¶ 27).[3]  As a result of Defendants' actions, E.S. has allegedly suffered severe and permanent physical injuries and severe emotional distress, and Charles and Elizabeth Sanchez have allegedly suffered a loss of companionship and per quod damages. Compl. at ¶ 29.[4]

## II. LEGAL STANDARD

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of

---

[3] Plaintiffs allege the subsequent actions by Defendant Troiano, Campel, and Brito evidence a lack of training, supervision and sensitivity to the situation. Compl. at ¶¶ 27–28, 30.

[4] The Court notes that the Elizabeth BOE Defendants produced a video as an attachment to their Motion to Dismiss, which they allege is a video of the incident in La Corte School's gymnasium. *See* Opp'n at 3.  The Court will not consider the video at this time because, at the motion to dismiss stage, we are limited to reviewing "the allegations contained in the complaint, exhibits attacked to the complaint, and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *see Forlina v. Doe*, No. 16-2696, 2019 WL 5188400, at *9 (E.D. Pa. Oct. 11, 2019) ("The [] Defendants' reliance on surveillance video . . . to support their arguments in favor of dismissal [is] misplaced. That is evidence that the Court may not consider at this [motion to dismiss] stage of the proceedings.")  In support of their assertion to include the video in the Complaint, the Elizabeth BOE Defendants cite to *Del Turco v. Randolph Twp. Police Dep't*, No. 18-15086, 2020 WL 999210, at *3 (D.N.J. Mar. 2, 2020).  However, in *Del Turco*, the Court permitted consideration of a video at such an early stage because "the video [wa]s submitted by plaintiff himself"; moreover, there was no dispute between the parties as to what the video depicted. *Id.* (internal citations omitted).  By contrast, here, the video is submitted by the Defendants, and Plaintiffs strongly contest the Elizabeth BOE Defendants' interpretation of the events that transpire in the video. *See id.*; *compare* Mot. to Dismiss at 12–13 (alleging that the video shows Troiano did not punch E.S. and also shows E.S. "swing[ing] his arms in a half-punch, half-slap towards Troiano") *with* Opp'n at 5–6 (alleging that the video shows E.S. did *not* take "any apparent strikes at Defendant Troiano" but rather shows "E.S. being struck or pushed from behind by Defendant Troiano").

the non-moving party. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers 'labels and conclusions . . . will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, when reviewing complaints for failure to state a claim, district courts should engage in a two-part analysis: "First, the factual and legal elements of a claim should be separated . . . . Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (citations omitted).

## III. DISCUSSION

The Complaint asserts seven claims against each Defendant, which arise out of the alleged incident in the La Corte School's gymnasium: (1) assault and battery; (2) negligence; (3) intentional infliction of emotional distress; (4) violation of 42 U.S.C. § 1983 (amendment unspecified); (5) violation of the Anti-Bullying Bill of Rights Act, N.J.S.A. 18A:37-13; (6) neglect to prevent conspiracy, 42 U.S.C. § 1986; and (7) punitive damages under N.J.S.A. 2A:15-5.12. Compl. at 8–21. The Elizabeth BOE Defendants move to dismiss the assault and battery (Count 1) and intentional infliction of emotional distress (Count 3) claims against Campel, Brito and the Elizabeth BOE, for failure to state a claim. Mot. to Dismiss at 6–7, 10–12. The Elizabeth BOE Defendants also move to dismiss Counts 2, 4, 5 and 6 as to all Defendants, for failure to state a claim. Id. at 8, 13–19. The Court will address each of the claims, and both parties' arguments for and against dismissal, in turn.

### 1) Count 1 (Assault and Battery): Plaintiffs Fail to State a Claim as to Campel, Brito, and the Elizabeth BOE

Under Count 1, Plaintiffs allege that Defendant Troiano committed assault and battery upon E.S. and do not specifically allege that the other Defendants assaulted and/or physically inflicted harm upon E.S. Compl. at ¶ 33–40. In their opposition to the Motion, "Plaintiffs do not object to dismissal of the claims of assault and battery as to Defendants [B]rito and Campel because they did not assault or batter any of the Plaintiffs." Opp'n at 8. However, Plaintiffs object to the dismissal of the claim against Elizabeth BOE, arguing that discovery could lead to a finding that Elizabeth BOE is liable for assault and battery, presumably under a theory of respondeat superior and vicarious liability.[5] Id. at 9. The Court disagrees.

To state a claim for assault and battery under New Jersey law, a plaintiff must allege that the tortfeasor "act[ed] *intending* to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact." *Leang v. Jersey City Bd. of Educ.*, 198 N.J. 557, 591 (2009) (emphasis added). Under the New Jersey Tort Claims Act (the "NJTCA"), "[a] public entity is not liable for the acts or omissions of a public employee constituting a crime, actual fraud, actual malice, or willful misconduct." N.J.S.A. § 59:2-10.[6] This provision precludes respondeat superior (or vicarious liability) claims against a public entity for assault and battery by one of its employees, because such a claim necessitates a showing of intentional or willful misconduct by the employee. *Grandizio v. Smith*, No. 14-3868, 2015 WL 58403, at *7 (D.N.J. Jan. 5, 2015); *see Merman v. City of Camden*, 824 F. Supp. 2d 581, 597

---

[5] The Court presumes that a theory of respondeat superior is applicable here because Plaintiffs' allegations focus solely on alleged misconduct by employees of the La Corte School.

[6] *See Parsons v. Mullica Tp. Bd. of Educ.*, 440 N.J. Super. 79, 95 (App. Div. 2005) ("... the clearest and most important command of the [NJTCA], namely, [is] that the immunities set forth in the [NJTCA] prevail over any liabilities.") (quoting *Tice v. Cramer,* 133 N.J. 347, 370–71 (1993)).

(D.N.J. 2010) (dismissing plaintiff's claims that the city was vicariously liable for the alleged assault and battery by the city's police officers based on immunity under the NJTCA); *Ward v. Barnes*, 545 F. Supp. 2d 400, 420–21 (D.N.J. 2008) ("The Court finds there is no legal basis for permitting respondeat superior liability to public entities on the theories of battery and intentional infliction of emotional distress, which are acts that require 'actual malicious or willful misconduct.'") (citing N.J.S.A. 59:2-10)).

Thus, under the NJTCA, the Elizabeth BOE[7] is immune from any liability for assault and battery under a theory of respondeat superior or vicarious liability, meaning further discovery (or amendment of the Complaint) on the issue would be futile.[8] Thus, Plaintiffs' assault claim against Campel, Brito, and Elizabeth BOE is dismissed *with prejudice*. *See Grandizio*, 2015 WL 58403, at *7 (dismissing plaintiff's assault and battery claim with prejudice because defendant public entity's "immunity from suit renders an amendment futile").

### 2) Negligence (Count 2):  Plaintiffs State a Claim as to all Defendants

Under Count 2, Plaintiffs allege that Defendants are liable for negligently breaching their duty to protect students from foreseeable harm, and thereby causing injury to E.S. Compl. at ¶¶ 41–49.  Elizabeth BOE Defendants argue that:  (1) Elizabeth and Charles Sanchez' individual negligence claims should be dismissed as to all Defendants because they have failed to satisfy

---

[7] Elizabeth BOE is a public-school district headquartered in the City of Elizabeth, Union County, New Jersey. ECF No. 3 ("Compl.") at ¶ 5.  This Court has consistently held that a public-school Board of Education qualifies as "public entity" under the meaning of the NJTCA. *See, e.g.*, *Williams v. Lenape Bd. of Educ.*, No. 17-7482, 2020 WL 2111221, at *20 (D.N.J. May 4, 2020).

[8] Plaintiffs argue that the Elizbaeth BOE may nevertheless be held liable for an intentional tort committed by one of its employees, citing *Hardwicke v. American Boychoir School*. Opp'n at 9 (citing 368 N.J. Super. 71, 104 (App. Div. 2004)).  However, in *Hardwick*, the Defendant was a "very small private school," not a public school, meaning N.J.S.A. 59:2-10 was inapplicable.

6

NTJCA's medical expense threshold[9]; and (2) each Plaintiffs' negligence claim should be dismissed as to Campel and Brito because Plaintiffs have failed to sufficiently plead that Campel and Brito breached a duty. The Court dismisses both arguments below, finding that Plaintiffs' Second Count satisfies the applicable pleading standards.

First, with regards to the medical threshold argument, the NJTCA prohibits an award of damages against a public entity or public employee for pain and suffering resulting from an injury, unless the claimant suffers "permanent loss of bodily function, permanent disfigurement or dismemberment where the medical treatment expenses are in excess of $3,600." N.J.S.A. § 59:9-2(d). The $3,600 threshold applies to negligence-based claims, including claims for negligent infliction of emotional distress ("NIED"). *See Estate of Del Rosario v. Paterson Police Dep't*, No. 14-5167, 2020 WL 373354, at *9 (D.N.J. Jan. 23, 2020); *J.H. v. Mercer County Youth Detention Center*, 396 N.J. Super. 1, 21 (App. Div. 2007). However, there is no indication in the statutory language that § 59:9-2(d) creates a pleading standard; and the Elizabeth BOE Defendants have failed to provide any authority for the proposition that a plaintiff must plead the threshold amount of medical expenses in a complaint in order to survive a Rule 12(b)(6) motion.

Instead, the cases cited by the Elizabeth BOE Defendants indicate that courts dispose of the medical threshold issue, at earliest, at the summary judgment stage. *See Estate of Del Rosario*, 2020 WL 373354, at *9 (granting defendants' summary judgment motion on plaintiffs' NIED claim because plaintiffs failed to provide evidence of permanent injury, aggravating circumstances, or medical expenses exceeding the monetary threshold); *J.H. v. Mercer*, 396 N.J. Super. at 21 (granting defendant's summary judgment motion on plaintiff's negligence and

---

[9] The Elizabeth BOE Defendants initially sought to dismiss E.S.'s claims as well on this basis (Mot. to Dismiss at 8), but later withdrew their argument as to E.S. because Plaintiffs provided proof of $5,165.96 in medical expenses related to E.S.'s injuries (Reply at 11 (citing (Opp'n, Exh. 1)).

intentional infliction of emotional distress claims because the record lacked competent evidence establishing that plaintiff suffered a permanent injury or that plaintiff will reach the monetary threshold). Dismissal of Plaintiff's negligence claims under N.J.S.A. § 59:9-2(d), without the benefit of discovery, would be premature at this juncture. *See Luna Garcia v. N. Brunswick Pub. Sch.*, No. 20-1031, 2020 WL 5201343, at *6 (D.N.J. Sept. 1, 2020).

Second, the Court addresses Campel and Brito's argument regarding the sufficiency of the pleading against them. To make a *prima facie* case for common law negligence in New Jersey, a plaintiff must plead four elements: (1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages. *See Townsend v. Pierre*, 221 N.J. 36, 51 (2015); *Brunson v. Affinity Fed. Cred. Union*, 199 N.J. 381, 400 (2009). Accepting all the allegations in the Complaint as true, Plaintiffs have adequately pled that: (1) Campel and Brito, as school officials, owed a duty of care to E.S. (Compl. at ¶¶ 42, 45); (2) Campel and Brito breached that duty by participating in and/or approving a harassment and intimidation campaign against E.S. and his family (id. at ¶ 25); (3) E.S. suffered severe and permanent injuries as a result (id. at ¶¶ 39–40); and (4) E.S. and his family have incurred actual damages (id. at ¶ 48).

Campel and Brito concede that they owed a duty of care to E.S. (*see* Reply at 9), as "[i]t is well established that 'school officials have a general duty to exercise reasonable supervisory care for the safety of students entrusted to them, and are accountable for injuries resulting from failure to discharge that duty.'" *Hayward v. Salem City Bd. of Educ.*, No. 14-5200, 2016 WL 4744132, at *10 (D.N.J. Sept. 12, 2016) (quoting *Jerkins ex rel. Jerkins v. Anderson*, 922 A.2d 1279, 1285 (N.J. 2007)). Nevertheless, Campel argues that specific allegations within the Complaint—(1) falsely denying the existence of a surveillance video of the incident; (2) following E.S. around the La Corte School for an unspecified amount of time; and (3) taking photos of Mr. Sanchez' car when he picked up E.S. from school—do not suffice to breach that duty. Reply at 9. Likewise,

8

Brito argues that intentionally failing to disclose surveillance video when reporting the incident to the DCPP does not indicate a breach of his duty of care towards E.S. Id. These allegations alone may be insufficient to establish a negligence claim; however, at this stage, they support Plaintiffs' allegations of a campaign of harassment and intimidation against E.S and are "sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 210–11 (citations omitted).

Accordingly, Plaintiffs' Second Count meets the Rule 12(b)(6) pleading standard as to all Defendants.

### 3) Intentional Infliction of Emotional Distress (Count 3):  Plaintiffs Fail to State a Claim as to the Elizabeth BOE

In their Third Count, Plaintiffs claim that Defendants are liable for intentional infliction of emotional distress ("IIED") by directing extreme and outrageous conduct toward E.S. and his family.

As a preliminary matter, the Court finds that the IIED claim is dismissed as to the Elizabeth BOE—to the extent that Plaintiffs allege respondeat superior or vicarious liability against the Elizabeth BOE—pursuant to NJTCA's immunity provision, N.J.S.A. § 59:2-10. "[T]o establish a claim for intentional infliction of emotional distress, the plaintiff must establish intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe." *Buckley v. Trenton Sav. Fund Soc'y*, 111 N.J. 355, 366 (1988). "For an intentional act to result in liability, the defendant must intend both to do the act and to produce emotional distress." *Id.* The NJTCA precludes claims against public entities like the Elizabeth BOE for IIED claims under a theory of respondeat superior liability, because IIED requires a showing of intentional or willful misconduct by the employee. *See supra* Section 5; *Luna Garcia*, 2020 WL 5201343, at *6 ("Intentional or reckless conduct is an element of intentional infliction of emotional distress . . . Therefore, under the NJTCA, [d]efendant North Brunswick BOE is not liable for any intentional infliction of

9

emotional distress caused by [d]efendants Drucker or Vecchio [school teachers]"); *Ward*, 545 F. Supp. 2d at 420–21. Thus, the Court dismisses Count 3 of the Complaint against the Elizabeth BOE, to the extent that claim is based on respondeat superior or vicarious liability, *with prejudice.*

Next, the Court evaluates whether Plaintiffs failed to state an IIED claim against Campel and Brito. Campel and Brito argue that: (1) the allegations against them do not rise to the level of "extreme and outrageous conduct" that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community"; and (2) Plaintiffs have not adequately pled that Campel and Brito intended to "both do the [outrageous act] and to produce emotional distress." Mot. to Dismiss at 10–11 (quoting *Buckley*, 111 N.J. at 366). The Court dismisses both arguments, as it finds that Plaintiffs sufficiently pled an IIED claim against Campel and Brito.

The Court recognizes that IIED liability does not extend to "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *49 Prospect Street v. Sheva Gardens*, 227 N.J. Super. 449, 472 (App. Div. 1988) (citing Restatement (Second) of Torts § 46, cmt. (1965)). However, the Complaint's allegation of an intimidation and harassment campaign against a 12-year old boy and his family is not a mere 'triviality,' and further discovery may reveal facts that support Plaintiffs' general allegations.[10] Moreover, the Complaint adequately alleges that Brito and Campel intended not only to undertake the harassment campaign, but also intended to cause emotional distress, because, implicitly, a "harassment and intimidation campaign" (Compl. at ¶ 25) is executed to cause emotional distress. Furthermore, the Complaint specifically alleges

---

[10] The Court would like to clarify that, standing alone, allegations of following a student around school, taking pictures of his father's car, and failing to disclose a piece of evidence when reporting an incident to the DCPP, may not suffice to establish an IIED claim. However, at this stage, those specific allegations are viewed as support for the general allegation of an "intimidation and harassment campaign" against Plaintiffs.

10

that Campel "followed E.S. around school *in an effort to scare him and make him feel uncomfortable*" and that all Defendants hired a private investigator "as part of an ongoing *effort to harass and intimidate* E.S. and his family." (id. at ¶¶ 25, 27) (emphasis added). Thus, Plaintiffs have sufficiently pled an IIED claim as to all Defendants except the Elizabeth BOE (which receives immunity for respondeat superior and vicarious liability claims).

### 4) Violation of 42 U.S.C. § 1983 (Count 4): Plaintiffs Fail to State a Claim as to all Defendants

In Count 4, Plaintiffs assert a § 1983 claim that fails to meet applicable pleading standards. To state a claim under § 1983 a plaintiff must allege: (1) the violation of a federal right; and (2) that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is important for the plaintiff to identify a specific constitutional or federal right that was violated; otherwise, the Court is unable to evaluate the sufficiency of the complaint and defendants are not properly put on notice of Plaintiffs' claims. *Stevens v. Delaware Cty.*, No. 08-02358, 2008 WL 11348460, at *4 (E.D. Pa. Dec. 30, 2008); *Ingliema v. Town of Hampton*, No. 05-3497, 2007 WL 1101441, at *9 (D.N.J. Apr. 10, 2007); *see Graw v. Fantasky*, 68 F. App'x 378, 382 (3d Cir. 2003) (affirming dismissal of Fourteenth Amendment Claim where plaintiff did not "articulate clearly the basis for the claim"). "For those reasons, 'failure to identify a right, privilege or immunity secured by the Constitution that was violated merits dismissal of the cause of action.'" *Ingliema*, 2007 WL 1101441, at *9 (dismissing § 1983 claim where plaintiff pled "that his 'constitutional and civil rights' were violated by Defendants' conduct").[11] Here, Plaintiffs allege that Defendants deprived "Plaintiffs

---

[11] Plaintiffs assert that a section 1983 allegation does not require specifying which right was violated (*see* Opp'n at 15) but the cases cited on this point do not support their assertion. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011). In *Gomez*, the plaintiff did in fact identify the constitutional right at issue, as

11

of the rights and privileges secured by the Constitution" (Compl. at ¶ 59) without identifying the specific constitutional right that was violated, and without alleging that Defendants acted under the color of law. *See id.* at ¶ 57–60. Thus, Plaintiffs § 1983 claim must be dismissed for failure to state a claim.[12]

### 5) Anti-Bullying Bill of Rights Act (Count 5): Plaintiffs Fail to State a Claim as to All Defendants

In Count 5, Plaintiffs claim that Defendants' harassment and intimidation violated Plaintiffs' rights and privileges secured by the Anti-Bullying Bill of Rights Act, N.J.S.A. § 18A:37-13 . Compl. at ¶¶ 61–66. As the Elizabeth BOE Defendants correctly noted (*see* Mot. to Dismiss at 24), the Anti-Bullying Bill of Rights Act does not create an independent cause of action. N.J.S.A. §§ 18A:37-18 ("This act does not create or alter any tort liability"); *Dunkley v. Bd. of Educ. of the Greater Egg Harbor Reg'l High Sch. Dist.*, No. 14–7232, 2016 WL 6134518, at *8 (D.N.J. Oct. 20, 2016) (holding that the New Jersey Anti-Bullying Bill of Rights Act "cannot support an independent cause of action"); *K.J. v. Greater Egg Harbor Reg'l High Sch. Dist. Bd. of Educ.*, No. 14–145, 2015 WL 5039460, at *14 (D.N.J. Aug. 26, 2015) ("[T]he [New Jersey Anti–Bullying Bill of Rights Act] plainly states that it creates no tort liability.")). Plaintiff's opposition brief is silent in response to Defendant's arguments for dismissing this

---

he "alleged that his discharge by [defendant] violated his right to procedural due process." 446 U.S. at 640. And in *Harvey*, there was no discussion of applicable pleading standards—the case concerned post-trial relief and the defendants conceded that plaintiff established a deprivation of a constitutional right. 635 F.3d at 609.

[12] In their Opposition, Plaintiffs allege, for the first time, that their First and Fourteenth Amendment rights were violated; however, the Court cannot accept an amendment to the Complaint via their briefs. *See Olson v. Ako*, 724 F. App'x 160, 166 (3d Cir. 2018) ("it is 'axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss'") (quoting *Pa. ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). The Court instructs Plaintiffs to properly amend their Complaint, and in doing so, consider the additional burdens imposed by the *Monell* doctrine when asserting their section 1983 claim against the Elizabeth BOE.

claim and further amendment on the issue would be futile; thus, the Court will dismiss Plaintiffs' Seventh Count as to all Defendants *with prejudice*. *See R.K. v. Bender*, No. 17-1299, 2017 WL 4948066, at *3 (D.N.J. Nov. 1, 2017).

### 6) Violation of 42 U.S.C. § 1986 (Count 6):  Plaintiffs Fail to State a Claim as to All Defendants

In Count 6, Plaintiffs claim that all Defendants violated section 1986 (for neglecting and failing to prevent wrongful and illegal acts despite having the power to do so), but Plaintiffs fail to allege an underlying violation of section 1985. Compl. at ¶¶ 67–69.  "Under the express terms of the statute, a claim under section 1986 is entirely dependent on the viability of an underlying section 1985 claim." *Dare v. Twp. of Hamilton*, No. 13-1636, 2013 WL 6080440, at *9 (D.N.J. Nov. 18, 2013) (citing 42 U.S.C. § 1986 ("Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in *section 1985 of this title,* are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable . . .") (emphasis added)).  Thus, a section 1986 claim requires a valid underlying section 1985 claim. *Id.*; *D'Aurizio v. Palisades Park*, 963 F. Supp. 387, 394 (D.N.J. 1997).  Because Plaintiffs have failed to allege any section 1985 claim, they have failed to allege a viable section 1986 claim; thus, the Sixth Count must be dismissed in its entirety, but *without prejudice* at this time.

### I. **CONCLUSION**

Accordingly, the Court grants the Elizabeth BOE Defendants' Motion to Dismiss (ECF No. 7) the Complaint (ECF No. 3) in part and denies it in part, with the following claims dismissed as follows:

- Plaintiffs' assault and battery claim (Count 1) is dismissed *with prejudice* as to Campel, Brito, and the Elizabeth BOE; and

- Plaintiffs' IIED claim (Count 3) is dismissed *with prejudice* as to the Elizabeth BOE; and

- Plaintiffs' claim under § 1983 (Count 4) is dismissed *without prejudice* as to all Defendants; and

- Plaintiffs' claim under the Anti-Bullying Bill of Rights Act, N.J.S.A. § 18A:37-13 (Count 5) is dismissed *with prejudice* as to all Defendants; and

- Plaintiffs' claim under § 1986 (Count 6) is dismissed *without prejudice* as to all Defendants.

As a result of the Court's disposition of the Elizabeth BOE Defendants' motion to dismiss, the following claims will proceed accordingly:

- Count 1 for assault and battery will proceed against Troiano and Defendant the La Corte School; and

- Count 2 for negligence will proceed against all Defendants; and

- Count 3 for IIED will proceed against Campel, Brito, Troiano, and the La Corte School.

An appropriate Order accompanies this Opinion.

**Date:** December 23, 2020

**HON. CLAIRE C. CECCHI, U.S.D.J.**