UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| E.S., a minor, by and through his Guardian *ad Litem*, ELIZABETH SANCHEZ, individually, and CHARLES SANCHEZ, individually<br><br>Plaintiffs,<br><br>v.<br><br>ELIZABETH BOARD OF EDUCATION, *et al*<br>Defendants. | Civil Action No. 20-1027 (JXN) (AME)<br><br>OPINION |

**NEALS**, District Judge:

This matter comes before the Court on the motion to dismiss [ECF No. 19] filed by Elizabeth Board of Education, Nicholas S. La Corte School (the "La Corte School"), Joseph Troiano, Jennifer Campel, and Cristina Brito (collectively, the "Elizabeth BOE Defendants" or "Defendants"). The Elizabeth BOE Defendants seek dismissal of Counts IV, V, VI and VII of Plaintiffs' Amended Complaint ("Am. Compl.") and all claims against Defendant La Corte School. For the reasons stated herein, the Elizabeth BOE Defendants' motion [ECF No. 19] is **GRANTED in part and DENIED in part**.

I. **BACKGROUND**[1]

In June 2017, Plaintiff E.S. was a 12-year-old student at the Nicholas S. La Corte School, a public elementary school in Elizabeth, New Jersey. Am. Compl. ¶ 15. The instant Action arises

---

[1] For the purposes of this Motion to Dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to the Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *M.H. by D.H. v. C.M.*, Civ. No. 3:20-01807(BRM)(TJB), 2020 WL 6281686, at *1 (D.N.J. Oct. 27, 2020).

out of an incident that occurred at the La Corte School's gymnasium on or about June 2, 2017, when E.S.'s music teacher, Defendant Joseph Troiano, was preparing for an eighth-grade graduation. *Id.* ¶ 15. Plaintiffs allege that E.S.'s classmates "became rowdy and disruptive" and that "E.S. began laughing after he was tickled by two female classmates." *Id.* ¶ 17. Plaintiffs further allege that, in response, Troiano "lost his cool," forcefully grabbed E.S. by his arm, punched E.S. in the chest with two fists, and "proceeded to block and intimidate Plaintiff E.S. with his physical presence." *Id.* ¶¶ 17-18. E.S. then reported the incident to the school's secretary and Defendant Vice-Principal Jennifer Campel. *Id.* ¶ 20. E.S.'s parents, Plaintiffs Elizabeth and Charles Sanchez, the police, and the Department of Child Protection and Permanency (the "DCPP") were notified of the incident. *Id.* ¶¶ 19, 23. Plaintiffs further allege that a video of the incident exists and that: (1) the Elizabeth BOE Defendants initially denied Elizabeth and Charles Sanchez access to the video; (2) Defendant Campel "falsely denied the existence of the video;" and (3) Defendant Cristina Brito, the principal of the La Corte School, intentionally failed to disclose the video when reporting the incident to the DCPP. *Id.* ¶¶ 22–23.

Plaintiffs allege that, after the assault, they were "subjected to a harassment and intimidation campaign by Defendants Troiano, Campel, and Brito," which included the following: (1) Campel followed E.S. around the La Corte School for an unspecified amount of time (*id.* ¶ 25); (2) Campel "took photos of Mr. Sanchez' car when he picked up E.S. from school" (*id.*); (3) "[o]n numerous occasions Defendant Troiano entered E.S.' classroom and stood near his locker" (*id.* ¶ 26); (4) Troiano "gave dirty looks" to E.S. and his brothers (*id.*); and (5) Defendants, although it is not specified who, "hired a private investigator that visited the Sanchez' home" (*id.* ¶ 27). As a result of Defendants' actions, E.S. has allegedly suffered severe and permanent physical injuries

and severe emotional distress, and Charles and Elizabeth Sanchez have allegedly suffered a loss of companionship and per quod damages. *Id.* ¶¶ 29-30.

After this Court partially granted the Elizabeth BOE Defendants' motion to partially dismiss the initial Complaint, Plaintiffs filed an Amended Complaint. Am. Compl., ECF No. 16. The Amended Complaint asserts seven claims: 1) assault and battery; 2) negligence; 3) intentional infliction of extreme emotional distress; 4) Fourteenth Amendment substantive due process violation, 42 U.S.C. § 1983; 5) First Amendment retaliation claim, 42 U.S.C. § 1983; 6) neglect to prevent conspiracy, 42 U.S.C. § 1986; and 7) *Monell*, 42 U.S.C. § 1983. The Elizabeth BOE Defendants now move to partially dismiss the Amended Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## II.   LEGAL STANDARD

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading is sufficient so long as it includes "a short and plain statement of the claim showing that the pleader is entitled to relief" and provides the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotations omitted). In considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all the facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Moreover, dismissal is inappropriate even where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id.*

While this standard places a considerable burden on the defendant seeking dismissal, the facts alleged must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Stated differently, the allegations in

the complaint "must be enough to raise a right to relief above the speculative level." *Id.* Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis to state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In order to determine whether a complaint is sufficient under these standards, the Third Circuit requires a three-part inquiry: (1) the court must first recite the elements that must be pled in order to state a claim; (2) the court must then determine which allegations in the complaint are merely conclusory and therefore need not be given an assumption of truth; and (3) the court must assume the veracity of well-pleaded factual allegations and ascertain whether they plausibly give rise to a right to relief. *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010).

## III.   DISCUSSION

The Elizabeth BOE Defendants move to dismiss Counts IV, V, VI and VII and all claims against Defendant La Corte School. The Court will address each Count and the parties' arguments in turn.

### A. Count 4 – Fourteenth Amendment Due Process Violation

#### i.   Fourteenth Amendment Claim against Defendant Troiano

Plaintiffs seek relief under section 1983 for purported violations of the Fourteenth Amendment right to substantive due process against Defendant Troiano. Am. Compl. ¶¶ 57-69. Plaintiffs allege that, by grabbing and striking E.S., and blocking his path, Defendant Troiano violated E.S.'s bodily integrity. *Id.* ¶ 63. Defendants argue that any such substantive due process claim is foreclosed by the doctrine of qualified immunity. Defs.' Br. at 15, ECF No. 19-1.[2]

---

[2] For sake of clarity, when citing to the parties' briefs and motion papers, the Court cites to the page number listed in the ECF header.

4

The doctrine of qualified immunity protects government officials "'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  A court analyzing whether to apply good faith immunity asks (1) whether the facts alleged by the plaintiff show the violation of a constitutional right, and (2) whether the law was clearly established at the time of the violation." *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  Here, Defendants challenge Plaintiffs' substantive due process claim under both prongs of qualified immunity.

The substantive due process clause of the Fourteenth Amendment "protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them." *MG ex rel. LG v. Caldwell-W. Caldwell Bd. of Educ.*, 804 F. Supp. 2d 305, 317 (D.N.J. 2011) (citing *Gottlieb ex rel. Calabria v. Laurel Highlands Sch. Dist.,* 272 F.3d 168, 172 (3d Cir. 2001)).  To establish a substantive due process claim, a plaintiff must prove that the particular interest at issue is protected by the substantive due process clause and that the government's deprivation of the protected interest shocks the conscience. *Chainey v. St.*, 523 F.3d 200, 219 (3d Cir. 2008) (citing *United Artists Theatre Cir., Inc. v. Twp. of Warrington, PA*, 316 F.3d 392, 400-02 (3d Cir. 2003)).  In *Gottlieb*, the Third Circuit demarcated the four elements of the "shocks the conscience" standard:

> [1] Was there a pedagogical justification for the use of force?; [2] Was the force utilized excessive to meet the legitimate objective in this situation?; [3] Was the force applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm?; and [4] Was there a serious injury?

*Gottlieb*, 272 F.3d at 173.

5

Construing the facts in favor of Plaintiffs, the Court finds that Plaintiffs have alleged sufficient facts to state a substantive due process claim against Defendant Troiano. Plaintiffs allege that Defendant Troiano grabbed and punched E.S., a 12-year-old student, who was laughing in the school gymnasium. Plaintiffs allege that E.S. sustained back injuries from the physical attack and continues to suffer from chest pain, severe anxiety, panic attacks and post-traumatic stress disorder, among other issues. *See* Am. Compl. at 7. Although Plaintiffs note that the class became rowdy and disruptive, at this stage of the litigation there appears to have been no pedagogical justification for Defendant Troiano to physically discipline E.S. Thus, at this stage of the litigation Plaintiffs have sufficiently alleged that Defendant Troiano's use of force is excessive and not applied in a good faith effort to maintain or restore discipline. Accordingly, Defendant Troiano's conduct gives Plaintiffs a constitutional cause of action.

Notwithstanding the above, the Elizabeth BOE Defendants argue that Planitiffs cannot show that Defendant Troiano violated a clearly established law – the second prong of the qualified immunity analysis. As the Third Circuit concluded in *Thomas v. Indep. Twp.*, 463 F.3d 285, 293 (3d Cir. 2006), a plaintiff has no obligation to plead a violation of clearly established law in order to avoid dismissal on qualified immunity grounds. Accordingly, Defendants' motion to dismiss Plaintiffs' substantive due process claim against Defendant Troiano on qualified immunity grounds is denied.[3]

    *ii.  Fourteenth Amendment Claims against Defendants Campel and Brito*

Plaintiffs seek relief under section 1983 for purported violations of the Fourteenth Amendment right to substantive due process against Defendants Brito and Campel. Am. Compl.

---

[3] Nothing in this Opinion forecloses Defendants from asserting qualified immunity at a later stage of litigation.

¶¶ 57-69. Plaintiffs contend that Defendant Campel intentionally harassed E.S. and his family after the incident with Defendant Troiano by following him. Pls.' Br. at 26-27. Plaintiffs further contend that Defendants, without specifically identifying who, withheld the relevant video from the State of New Jersey DCPP's investigation into the incident and caused Plaintiffs to be investigated by a private investigator. *Id.* at 27. Defendants argue that qualified immunity shields Defendants Campel and Brito from Plaintiffs' substantive due process claim. Defs.' Br. at 23.

As noted above, to establish a substantive due process claim, a plaintiff must prove the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest shocks the conscience. *Chainey v. St.*, 523 F.3d at 219 (citing *United Artists Theatre Cir., Inc.*, 316 F.3d at 400-02). Thus, "[t]he first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini v. Morra,* 212 F.3d 798, 806 (3d Cir. 2000) (en banc) (quoting *County of Sacramento v. Lewis,* 523 U.S. 833, 841 n. 5, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998)).

Here, Plaintiffs allege that "E.S. had a right to a full and honest investigation and disclosure to his parents of the circumstances occurring during the time Defendants[] were responsible for E.S.'s bodily security." Am. Compl. ¶ 64. Plaintiffs, however, do not cite to a single case to support their position that Defendants Campel's and Brito's purported actions deprived Plaintiffs of a right secured by the Constitution or the laws of the United States. *See Chainey v. St.*, 523 F.3d at 219 (citing *Kaucher v. County of Bucks,* 455 F.3d 418, 423 (3d Cir. 2006)). Moreover, construing the facts alleged in Plaintiffs' Amended Complaint in Plaintiffs favor, Plaintiffs have not sufficiently alleged that Defendants Campel's and Brito's purported actions shock the conscience. *See Chainey v. St.*, 523 F.3d at 219. Accordingly, Plaintiffs' substantive due process

claims against Defendants Campel and Brito are dismissed *without prejudice* for failing to state a claim.[4]

### B. Count V – First Amendment Retaliation

In Count V, Plaintiffs bring a claim under section 1983 and retaliation in violation of the First Amendment. Am. Comp., ¶¶ 70-78. Plaintiffs allege that "Defendants intentionally, willfully, maliciously, and/or in reckless disregard of the Plaintiffs' constitutional right to make known their opinions to their representatives and petition the government for redress sought to intimidate and/or retaliation (sic) against Plaintiffs for engaging in this protected conduct by harassing E.S. in retaliation." *Id.* ¶ 76. Plaintiffs do not identify which Defendant this claim is asserted against. In their motion to dismiss, Defendants contend that Defendant Brito is entitled to qualified immunity. Defs.' Br. at 25.

Section 1983 creates a cause of action against anyone who, acting under color of state law, deprives an individual of rights secured by the Constitution or by federal statute. *See Smith v. Sch. Dist. of Philadelphia*, 112 F. Supp. 2d 417, 430–31 (E.D. Pa. 2000) (citing 42 U.S.C.A. § 1983). In order to state a cause of action under § 1983, a plaintiff must show that "(1) the defendants acted under color of [state] law; and (2) their actions deprived [the plaintiff] of rights secured by the Constitution or federal statutes." *Anderson v. Davila,* 125 F.3d 148, 159 (3d Cir. 1997).

The first step to any § 1983 claim "is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver,* 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). In their Complaint, Plaintiffs do not identify what constitutionally protected rights they were deprived of.

---

[4] In their opposition, Plaintiffs allege, for the first time, Defendant Campel's and Brito's actions violated Plaintiff's right to privacy and liberty (Pls.' Br. at 26); however, the Court cannot accept an amendment to the Complaint via their briefs. *See Olson v. Ako*, 724 F. App'x 160, 166 (3d Cir. 2018) ("it is 'axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss'") (quoting *Pa. ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).

Instead, Plaintiffs allege, in conclusory fashion, that Defendants "retaliated and/or sought to intimidate E.S. for his parents petitioning the government for redress" and that "Plaintiffs were engaged in protected constitutional activity" when they complained to the school and administrators. Am. Compl. ¶¶ 73, 75. In Plaintiffs' opposition, Plaintiffs assert, for the first time, that Plaintiffs engaged in protected free speech when they complained about Defendant Troiano's conduct to the administrator Defendants, filed a police report and criminal complaint, filed the instant lawsuit and pre-suit notice, and started an online petition imploring other parents to support Defendant Troiano's removal as a teacher in the school. Pls.' Br. at 32. These assertions were not alleged in Plaintiffs' Amended Complaint; thus, the Court cannot rely on them to decide the instant motion to dismiss.[5] *See Olson*, 724 F. App'x at 166 ("it is 'axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss'") (quoting *Pepsico, Inc.*, 836 F.2d at 181). Because the Complaint is devoid of any non-conclusory allegations identifying what constitutionally protected rights Plaintiffs were deprived of, Plaintiffs' First Amendment retaliation claim is dismissed *without prejudice* as to all Defendants.

### C. Count VI – Neglect and Refusal to Prevent Claim, 42 U.S.C. § 1986

Plaintiffs re-assert their previously dismissed section 1986 claim. In the Court's December 23, 2020 Opinion [ECF No. 13], the Court held that "[b]ecause Plaintiffs have failed to allege any section 1985 claim, they have failed to allege a viable section 1986 claim." ECF No. 13 at 13. The allegations in Plaintiffs' Amended Complaint are identical to the allegations in Plaintiffs' initial Complaint. *Compare* Compl. ¶¶ 67-69 *with* Am. Compl. ¶¶ 79-81. Because Plaintiffs did not make any attempt to remedy the deficiencies highlighted by the Court in its December 13 Opinion, Count VI will be dismissed in its entirety *with prejudice*. *See Taylor v. Comhar, Inc.*,

---

[5] As previously noted, Plaintiffs similarly alleged violations of their right to privacy and liberty for the first time in their opposition (Pls.' Br. at 26).

No. CV 16-1218, 2022 WL 102334, at *4 (E.D. Pa. Jan. 11, 2022) (dismissing plaintiff's claims with prejudice for failing to remedy the deficiencies identified earlier).

### D. Count 7 – *Monell* Claim against Elizabeth BOE

In the Amended Complaint, Plaintiffs allege that their *Monell* claim is "against Defendants for (1) their own culpable action or inaction in the training, supervision, or control of subordinates; (2) their acquiescence in the constitutional deprivation of which this Complaint is made; or (3) for their conduct that showed a reckless or callous indifference to the rights of others." Am. Compl. ¶ 84. Plaintiffs further allege that "Defendants maintained inadequate customs, policies, practices, supervision, and trainings that were likely to lead to the violation of individual civil rights[.]" *Id.* ¶ 85. Plaintiffs claim that "Defendants' custom, policy, or repeated practices are tantamount to condoning and tacitly encouraging violations of student attending public school's liberty interest." *Id.* ¶ 86. In their moving papers, Defendants contend that Plaintiffs have failed to properly allege a *Monell* claim against Elizabeth BOE Defendants because they have not pointed to any unconstitutional policy formally adopted by the district, nor can they point to any unconstitutional custom. Defs.' Br. at 14, ECF No. 19-1. The Court agrees.

To bring a claim under section 1983, a plaintiff must show that, among other things, the defendant "deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993) (quoting *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each [defendant], through [her] own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676, 129 S.Ct. 1937 (citing *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Robertson v. Sichel*, 127 U.S. 507, 515-16, 8 S.Ct. 1286, 3 L.Ed. 203 (1888); *Dunlop v. Munroe*, 11 U.S. 242 (1812)). In other

words, under *Monell* a municipality cannot be held liable solely because it employs an alleged tortfeasor, but "is liable under § 1983 when a plaintiff can demonstrate that the municipality itself, through the implementation of a municipal policy or custom, causes a constitutional violation." *Mann v. Palmerton Area Sch. Dist.*, 872 F.3d at 175 (3d Cir. 2017); *see also Thomas*, 749 F.3d at 222; *McTernan v. City of York*, 564 F.3d 636, 657 (3d Cir. 2009).

Indeed, as to the policy or custom, "A policy may be made only when a policymaker issues an official proclamation or decision." *Hernandez v. Borough of Palisades Park Police Dep't*, 58 Fed. Appx. 909, 912 (3d Cir. 2003). Conversely, "[a] custom may exist where the relevant practice is so permanent and 'widespread as to have the force of law.'" *Id.* (quoting *Bryan Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)). In addition to imposing liability through a municipality's custom or policy, liability may also exist on a *Monell* claim based on a municipal defendant's failure to properly train employees to avoid violating constitutional rights. *See Connick v. Thompson*, 563 U.S. 51, 61, 131 S.Ct. 1350, 179 L.Ed.2d 417 (2011) (holding that a municipality's failure to train its employees in a relevant respect must amount to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.").

Here, Plaintiffs' claim falls short of adequately alleging the elements of *Monell*. As noted above, there are multiple methods that a plaintiff can employ to establish *Monell* liability: a plaintiff can plead that a policymaker issued an official proclamation or edict; that there was a custom or practice so permanent and widespread as to have the force of law; that policymakers failed to train employees so as to amount to "deliberate indifference" to the Constitutional rights of a plaintiff. A plaintiff can even, on rare occasions, make a claim for *Monell* liability based on a single decision, where the decisionmaker is a municipal policymaker. *Mrazek v. Stafford Twp.*, No. CV 13-1091(FLW), 2017 WL 1788655, at *9 (D.N.J. May 5, 2017), *aff'd*, 744 F. App'x 69

11

(3d Cir. 2018). With each of these methods, Plaintiffs must plead facts that allow a court to evaluate whether an alleged unconstitutional policy or custom rises to the level of *Monell* liability. Plaintiffs do not do so here. Instead, Plaintiffs make the blanket assertion that Defendants have "maintained inadequate customs, policies, practices, supervision, and trainings that were likely to lead to the violation of individual civil rights" and that "Defendants' custom, policy, or repeated practices are tantamount to condoning and tacitly encouraging violations of student [sic] attending public school's liberty interest." Am. Compl. ¶¶ 85, 86. In doing so, Plaintiffs merely restate the elements of *Monell* liability, failing to "identify the offending custom or practice" or provide any "factual predicate for knowledge or acquiescence to any wrongful conduct by [Defendants]." *Schirmer v. Penkethman*, No. 10-1444, 2011 WL 1211324, at *4 (D.N.J. Mar. 28, 2011). Nor do Plaintiffs plead any facts that suggest a pattern of similar incidents such that Defendants actions or inaction could be interpreted as encouraging the violation of Plaintiffs' rights.

Accordingly, Plaintiffs' *Monell* claim against the Elizabeth BOE is dismissed *without prejudice*.

### E.  Claims Against Defendant Nicholas S. La Corte School

Defendants move to dismiss Nicholas S. La Corte School as a defendant in this case. Defs.' Br. at 28. Defendants contend that the school is not a separate entity. Rather, "Nicholas S. La Corte School" is merely the name of a building. *Id.* Plaintiffs have not submitted any argument in opposition. Accordingly, the Court will dismiss all claims against Defendant Nicholas S. La Corte School.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [ECF No. 19] is **GRANTED in part and DENIED in part**, with the following claims dismissed as follows:

- Plaintiffs' Fourteenth Amendment claim (Count IV) is dismissed *without prejudice* as to Defendants Campel and Brito;

- Plaintiffs' First Amendment retaliation claim (Count V) is dismissed *without prejudice* as to all Defendants;

- Plaintiffs' neglect and refusal to prevent claim (Count VI) is dismissed *with prejudice* as to all Defendants; and

- Plaintiffs' *Monell* claim (Count VII) is dismissed *without prejudice* as to the Elizabeth BOE.

All claims against Defendant Nicholas S. La Corte School are dismissed. An appropriate Form of Order accompanies this Opinion.

DATED: April 12, 2022

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge